## FOOS v TEETERS, et
## HAMMER v FOOS, et

Ohio Appeals, 6th Dist, Sandusky Co
Nos 229 & 230. Decided Oct. 13, 1930

Stahl, Stahl & Stahl, Fremont for Colletta Foos.

Walter K. Keppel, Tiffin, and George C. Sheffler, Fremont, for Louis Hammer.

Harry Garn, Fremont and William A. Finn, Toledo, for John D. Teeters.

RICHARDS, J.

The trial judge, after the rendition of the verdict, refused to assign the case against Teeters for trial, and error is prosecuted to that action. A judgment against one joint tort feasor is not a bar to an action against the other, unless the judgment has been satisfied. Therefore, Colletta Foos is entitled to have her action against John D. Teeters tried in the court of common pleas unless, in the meantime, she should receive satisfaction on her judgment against Hammer. The record fails to disclose any final judgment for or against Teeters and for this reason the petition in error in case No. 229 must be dismissed.

The record discloses that on October 10, 1929, at about midnight, Colletta Foos was riding with Louis Hammer, a young man 22 years of age, as a guest in an automobile owned and operated by him, the other occupant of the car being Colletta's sister Dorothy. They had been attending a dance at New Riegle, in Seneca County and were driving northerly in order to return home. They approached a main highway called Benjamin Franklin Highway, also known as Route 17, and at the intersection of the road on which they were travelling, with this highway, a collision occurred with a car operated by John D. Teeters, proceeding easterly on the main highway.

The petition charged Louis Hammer with being negligent as he approached the intersection in failing to heed a stop sign there located, and without looking to see if any other automobile was approaching the intersection and in negligently running his car ahead of the approaching automobile operated by John D. Teeters.

The night when the collision occurred was misty, with more or less rain, making it somewhat difficult for persons travelling in automobiles to see for any considerable distance. The record has an abundant showing of conflict as to the circumstances under which the collision occurred. On the trial the plaintiff and her sister and companion Louis Hammer were evidently much disposed to blame the collision upon John D. Teeters, but it appears from the cross-examination of the occupants of the Hammer car that each one of them had given a written statement shortly after the accident, charging the blame upon Hammer. Although the oral testimony of Hammer tends to excuse him from blame, his written statement specifically states that he was at fault in causing the collision and that it was the result of his negligence in not watching the road more carefully. He also made another written statement in which he said that the accident "happened due to my fault and I accept all blame for same". The written statement signed by Colletta Foos closes with this language:

"I feel that Louis Hammer was at fault for this accident because he failed to make the required safety stop and did not observe traffic on Route 17 before entering the highway."

In the written statement made by her sister Dorothy, she says that she had read the statements made by Colletta and by Louis Hammer and that they are true.

Each one of the witnesses making this written admission endeavored to avoid the effect thereof by an explanation of the circumstances under which the admission was made, but the reasonableness and probability of the explanation was all for the jury, and it also rested with the jury to determine the truth as between the written statements on one hand and the oral testimony of the same witnesses on the other.

It is urged in the brief of counsel for Hammer that the record reveals no testimony of any act of negligence or carelessness charged against Hammer, which was the proximate cause of or contributed in any way to the injury. That, of course, ignores the admissions contained in the written statements and also ignores the testimony of John D. Teeters regarding the manner in which the collision occurred. He testified that his own headlights were burning brightly and could be seen for a distance of 150 feet and that he saw the headlights on the car operated by Hammer. The jury may well have found that if Teeters could see the Hammer headlights, Hammer could see the headlights on the Teeter's car. There is a direct conflict in the testimony as to whether the collision occurred on the south half of the Benjamin Franklin highway or on the north half. The jury may have found from the evidence that Hammer negligently operated his car in approaching and attempting to cross the intersection, and that this was a direct cause of the collision.

The plaintiff was a guest only, and a finding by the jury that she was free from contributory negligence is sustained by sufficient evidence.

The parties voluntarily and without objection put before the jury the fact that the driver of each car was protected by liability insurance.

It is urged as a ground for reversal that the trial court erred in admitting in evidence the written statements already referred to, but they were manifestly competent as bearing upon the weight which the jury should give to the oral testimony of the witnesses signing such statements. The rule is fundamental that a witness who has made statements in writing inconsistent with his testimony, has laid himself open to an attack for having sworn to facts after having put in writing statements which cast doubt upon his oral testimony. Indeed, one common method of impeaching a witness is to introduce other conflicting statements made by the

witness, either orally or in writing.

It is insisted that the verdict and judgment of $2780.00 is excessive and evidences that the jury acted from passion and prejudice. The record discloses that Miss Foos suffered serious injury of a permanent character by the breaking of the pelvic bones, resulting in more or less deformity.

The amount of the judgment does not seem to be excessive nor the result of passion and prejudice.

We have examined all the other claimed errors, but find none to the prejudice of Louis Hammer.

It results that the petition in error in case No. 229 will be dismissed and the judgment in case No. 230 will be affirmed.

Williams and Lloyd, JJ, concur.