STRASSNER *v.* D'ATRI.

(Decided February 11, 1932.)

*Messrs. Amerman & Mills,* for plaintiff in error.
*Mr. Harry Nusbaum,* for defendant in error.

MONTGOMERY, J. The plaintiff in error, Margaret Strassner, filed an action in the court of common pleas of Stark county against the defendant in error, Alexander D'Atri, and one Dwight Harsh, in which she sought damages for personal injuries sustained, claiming negligence on the part of both defendants. Issues were made and the case was tried to a jury. At the trial four forms of verdict were submitted to the jury, and the evidence shows that prior to their submission the forms were approved by counsel for each of the three parties; the two defendants having been represented by separate counsel. One of the verdicts submitted was for the plaintiff against both defendants; one was for the plaintiff against the defendant Dwight Harsh; one for the plaintiff against the defendant Alexander D'Atri; and the fourth was a verdict for the defendants. The record shows that the jury returned a verdict for the plaintiff against the defendant Harsh alone; the other forms being disregarded, and the action of the jury going no further than the return of this verdict.

The defendant Harsh and the plaintiff Margaret Strassner each filed a motion for new trial; the motion filed by Margaret Strassner alleging that the verdict in favor of Alexander D'Atri was contrary to law, against the weight of the evidence, and given under the influence of passion and prejudice. Both of these motions were overruled and judgment was rendered for Margaret Strassner against the defendant Harsh for the amount of the verdict. From that judgment Harsh prosecuted error to this court, being cause No. 1194, and this court affirmed that judgment. Margaret Strassner did not prosecute error from the overruling of her motion for new trial and did not file a cross-petition in error in cause No. 1194. The two motions for new trial were overruled on March 27, 1931.

Subsequent to the action of this court in cause No. 1194, the assignment commissioner set down for trial

the case against D'Atri, and on November 24, 1931, the latter made a motion to strike the case from the assignment.

On December 17, 1931, the court of common pleas made this order: "This day this cause came on to be heard upon the motion of the defendant Alexander D'Atri to strike this case from the assignment of pending and undisposed cases, upon the grounds that said case was heard, adjudicated, and is now *res adjudicata* and upon the other grounds set forth in said motion; and upon the evidence and arguments of counsel. Upon due consideration of which the Court finds said motion well taken and hereby sustains the same, and orders the same stricken from said assignment. Exceptions to plaintiff." From that order error is now prosecuted to this court.

Counsel for plaintiff in error, to sustain their contention, place their reliance solely upon the case of *Foos* v. *Teeters,* a decision of the Court of Appeals for the Sixth Appellate District, reported in 8 Ohio Law Abs., 735. In that case it appears that the plaintiff had brought suit against two defendants for damages for personal injuries and there was a verdict against one of the defendants. The court, in the course of its opinion, says:

"The jury, by its verdict, made no finding for or against the defendant Teeters and the judgment was rendered against Louis Hammer alone for the amount of the verdict and for the costs.

"The trial judge, after the rendition of the verdict, refused to assign the case against Teeters for trial, and error is prosecuted to that action. A judgment against one joint tort feasor is not a bar to an action against the other, unless the judgment has been satisfied. Therefore, Colletta Foos is entitled to have her action against John D. Teeters tried in the Court of Common Pleas unless, in the meantime, she should receive satisfaction on her judgment against Hammer.

The record fails to disclose any final judgment for or against Teeters and for this reason the petition in error in case 229 must be dismissed.''

The court of the Sixth Appellate District, however, was concerned primarily with the contention between the plaintiff and the other defendant against whom judgment had been rendered, which was involved in the same error proceeding. The facts in the cases are different, but even though they were the same, and this quoted statement were applicable to the facts in the case at bar, we would be very hesitant to follow the holding of that court.

It is contrary to the weight of authority. In other jurisdictions this matter has been determined many times, although so far as we know no other court in Ohio has ever passed upon the question, and counsel in open court say that a careful search by them fails to find any Ohio authorities, other than the one quoted.

As stated, however, in many other jurisdictions the matter has been determined adversely to the contention of the plaintiff in error, and the rule has been stated to be that a verdict against but one defendant imparts a finding in favor of a co-defendant. This seems to us sound. No other reasonable inference could be drawn from the action of the jury in returning a verdict against one defendant and remaining silent as to the other when the case was properly submitted to the jury upon all the issues presented and the several verdicts were submitted to the jury for its consideration. We think that the trial court in the instant case was right in holding that the matter was *res judicata,* and sustaining the motion.

It is to be observed further that counsel for plaintiff in error apparently recognized the effect of the jury's action when they filed their motion for new trial, claiming that the jury erred in returning a verdict for D'Atri. When this motion was overruled there was in effect a final order in favor of D'Atri, which

final order was rendered on March 27, 1931. No error was prosecuted from the overruling of that motion, and this proceeding was not begun in this court until the filing of the petition in error on January 6, 1932. The plaintiff in error is barred by lapse of time from prosecuting error to the overruling of her motion for new trial, and final judgment having been rendered on March 27, 1931, and no error having been prosecuted from that order within the time prescribed by statute, the matter is *res judicata.*

The judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

SHERICK, P. J., and LEMERT, J., concur.