### STRASSNER v D'ATRI

Ohio Appeals, 5th Dist, Stark Co

Decided Feb 11, 1932

Amerman & Mills, Canton, for plaintiff in error.

Harry Nusbaum, Canton, for defendant in error.

MONTGOMERY, J.

Counsel for plaintiff in error, to sustain their contention, place their reliance solely upon the case of **Foos v Teeters**, a decision of the Court of Appeals for the Sixth District, reported in **8 Abs 735**. In that case it appears that the plaintiff had brought suit against two defendants for damages for personal injuries and there was a verdict against one of the defendants. The court, in the course of its opinion, says:

"The jury, by its verdict, made no finding for or against the defendant Teeters and the judgment was rendered against Louis Hammer alone for the amount of the verdict and for the costs. The trial judge, after the rendition of the verdict refused to assign the case against Teeters for trial, and error is prosecuted to that action. A judgment against one joint tort feasor is not a bar to an action against the other, unless the judgment has been satisfied. Therefore, Colletta Foos is entitled to have her action against John G. Teeters tried in the Court of Common Pleas unless, in the meantime, she should receive satisfaction of her judgment against Hammer. The record fails to disclose any final judgment for or against Teeters and for this reason the petition in error in case 229 must be dismissed."

The Sixth District Court, however, was concerned primarily with the contention between the plaintiff and the other defendant against whom judgment had been rendered, which was involved in the same error proceeding. The facts in the cases are different, but even though they were the same and this quoted statement were applicable to the facts in the case at bar, we would be very hesitant to follow the holding of that court.

It is contrary to the weight of authority. In other jurisdictions this matter has been determined many times, although so far as we know no other court in Ohio has ever passed upon the question and counsel in open court say that a careful search by them fails to find any Ohio authorities, other than the one quoted.

As stated, however, in many other jurisdictions the matter has been determined adversely to the contention of the plaintiff in error, and the rule has been stated to be that a verdict against but one defendant imparts a finding in favor of co-defendant. This seems to us sound. No other reasonable inference could be drawn from the action of the jury in returning a verdict against one defendant while silent as to the other, when the case was properly submitted to the jury upon all the issues presented, and the several verdicts were submitted to the jury for its consideration. We think that the trial court in the instant case was right in holding that the matter was res adjudicata, and in sustaining the motion.

It is to be observed further that counsel for plaintiff in error apparently recognized the effect of the jury's action when they filed their motion for new trial, claiming that the jury erred in returning a verdict for D'Atri. When this motion was overruled there was in effect a final order in favor of D'Atri, which final order was rendered on March 27th, 1931. No error was prosecuted from the overruling of that motion, and this proceeding was not begun in this court until the filing of the petition in error on January 6th, 1932. The plaintiff in error is barred by the lapse of time from prosecuting error to the overruling of her motion for new trial, and final judgment having been rendered on March 27th, 1931, and no error prosecuted from that order within the time prescribed by statute, the matter is res adjudicata.

Judgment of the Court of Common Pleas is affirmed. Exceptions may be noted.

SHERICK, PJ, and LEMERT, J, concur.