### MIDLAND STEEL PRODUCTS CO v KEHOE

Ohio Appeals, 6th Dist, Lucas Co

No 2988. Decided Nov 26, 1934

W. W. Campbell, Toledo, and George H. Lewis, Toledo, for plaintiff in error.

Ralph Emery, Toledo, and Harold J. Kehoe, Toledo, for defendant in error.

## OPINION

By RICHARDS, J.

The case in this court has been fully argued on briefs and orally by counsel, who discuss the questions of practice involved and also discuss the case on its merits.

The plaintiff in error contends that the trial judge had no jurisdiction over it, as it is a resident of Cuyahoga County, and that the action could not be brought against it in Lucas County. That contention is not well-founded. The defendants were properly joined and a joint cause of action was set forth against them, both in the original petition and in the amended petition. The Midland Steel Products Company was properly brought into court by service of summons on it in Cuyahoga County. Even if this were not so, that company entered its appearance in the case by filing several motions assailing the pleadings on various grounds other than those which relate to jurisdiction of the person, and by filing a demurrer to the amended petition based on grounds other than those relating to want of jurisdiction, all without protest as to jurisdiction until filing its answer to the amended petition. **Haus v Jones et, 122 Oh St 459.**

The serious question appearing upon the record is whether this proceeding in error will lie while the case is still pending in

the Court of Common Pleas against The Midland Steel Products Company. That company, at the conclusion of all the evidence, moved for a directed verdict in its favor, which the court on consideration overruled and the company excepted. And although the case was submitted to the jury, no verdict was ever rendered for or against the Midland Company, nor was any judgment rendered against it. The order overruling the motion for a directed verdict appears, of course, in the bill of exceptions, but the action of the court thereon was never journalized. It would be an anomalous procedure if, with the case still pending undisposed of; the company could prosecute error.

The company relies on **Laub Baking Co. v Middleton, 118 Oh St, 106,** but that case only held that where the trial court refused to direct a verdict in favor of the defendant and dismissed the cause without prejudice, the particular action was determined and a judgment thereby prevented in favor of the defendant, and that such action constituted a final order from which error would lie. It seems plain from the language used that if the petition had not been dismissed by the court the decision would have been that error would not lie. That case only amounts to a ruling that the court may not properly dismiss an action without prejudice after a motion for a directed verdict has been made and submitted and after the court has expressed its opinion upon the motion, and that such a dismissal is a final judgment to which error will lie. The position of the court is stated in the opinion of Jones, J., beginning at the bottom of page 117, as follows:

"While, strictly speaking, no judgment was entered on the court's decision on the motions, its refusal to formally enter its judgment on the motions in accordance with its announcement after their admission, and its dismissal of the case, terminated that action against the defendants and prevented a judgment in their favor."

Manifestly there would have been no such final judgment without a dismissal of the case.

Reliance is also placed on **Toney et v Jenkins, 47 Oh Ap, 248 (16 Abs 319).** That case has many features similar to the one at bar, but there are, on the other hand, various features which distinguish it from the present case. In the Toney-Jenkins case, a verdict had been returned for the defendant, while in the instant case there never was a verdict for or against The Midland Steel Products Company. The court in disposing of the Toney-Jenkins case, expressed the view that the case cited in **118 Oh St, 106,** "would seem to bear out the claim that error could be prosecuted to the overruling of the motion for an instructed verdict," but the court did not dispose of the case on that ground but on the ground that the trial court did not err in overruling the motion for an instructed verdict and affirmed the judgment. The same result, in effect, was reached as would have been the case if the court had dismissed the petition in error for want of a final judgment.

In the case at bar, with the action still pending in the trial court, and no verdict nor finding for or against The Midland Steel Products Company, we are forced to the conclusion that no final judgment has been rendered in the case as to that company, and the petition in error must be dismissed.

Petition in error dismissed.

WILLIAMS, J, concurs in judgment.
LLOYD, J, concurs.