strongly against the appellant, it is not clear yet just what construction the Supreme Court will place upon these provisions as to the right to file a bill of exceptions after the appeal is reduced to one on law. Under such circumstances, it would be well for us not to venture an obiter on the subject.

For these reasons, it seems to me that the motion to dismiss should be sustained on the sole ground that there is no final order, without prejudging any other question, should a final order be made hereafter and the case reach this court on appeal from that order.

OLSEN, APPELLANT, *v.* EASTERN AUTOMOBILE FORWARDING CO., INC., ET AL., APPELLEES.

OLSEN, A MINOR, APPELLANT, *v.* EASTERN AUTOMOBILE FORWARDING CO., INC., ET AL., APPELLEES.

(Decided October 30, 1939.)

364

*Messrs. Effler & Eastman, Mr. Lucius J. Cushman* and *Mr. Joseph Wetli,* for appellants.

*Messrs. Marshall, Melhorn, Davies, Wall & Bloch,* for appellees.

LLOYD, J. The appeals on questions of law of Sam and Harold Olsen are alike with respect to the error assigned for reversal of the judgments of the Court of Common Pleas from which the respective appeals are taken. Each of the appellants in his action in that court sought to recover damages for personal injuries sustained as the alleged proximate result of a collision between a school bus owned and operated by the appellee, Hubert DeLisle, and a truck of the Eastern Automobile Forwarding Co., Inc., caused, it was alleged, by their joint negligence.

The question presented for consideration relates only to the sufficiency of the form of verdict submitted to and returned in each case by the jury. The jury was told that:

"You will have with you two forms of verdict in each case, one which will express any possible conclusion you may be able to reach upon the evidence in these cases.

"In the case of Harold Olsen, a minor, by his father and next friend, Sam Olsen, against Eastern Automobile Forwarding Co., Inc., and Hubert DeLisle, one form reads—omitting the formal parts—'For verdict find and say that we find, upon the issues joined, for the plaintiff, and assess the plaintiff's damages in the sum of $—.'

"One of your number, acting as scribe, will insert the amount in the blank left in the form of verdict for that purpose.

"If, under the instructions I have given you and from a preponderance of the evidence, you find for the plaintiff against both defendants, you will use this

form of verdict. If, from the instructions I have given you and from a preponderance of the evidence you find that the plaintiff has failed to maintain his cause of action against the defendant, Hubert DeLisle, you will use the form of verdict—leaving out the formal part—which reads as follows: 'For verdict find and say that we find, upon the issues joined, for the plaintiff and against the defendant the Eastern Automobile Forwarding Company, Inc., and assess plaintiff's damages in the sum of $—.'

"In further explaining these forms of verdicts, ladies and gentlemen, you will in any event find a verdict in favor of plaintiff against Eastern Automobile Forwarding Co., Inc., and assess the damages, if any you find, against it. If you find by a preponderance of the evidence that the defendant Hubert DeLisle was guilty of negligence which proximately caused plaintiff's injury and damage, you will use the form of verdict which I read to you finding against both defendants.

"If you fail to find by a preponderance of the evidence that defendant Hubert DeLisle was guilty of negligence which proximately caused plaintiff's injuries and damage, then you would use the second form of verdict which I have read to you, and as against the defendant Eastern Automobile Forwarding Co., Inc.

"Now as I said, ladies and gentlemen of the jury, whenever nine or more of the jury agree upon a verdict, either for the plaintiff or for the defendant, as the case may be, and have signed the form of verdict which expresses your findings, with the individual names of the jurors concurring in it, that will be received as your verdict in this case, or in these cases."

The jury in each case returned the following verdict:

"We, the jury, impanelled in the above entitled action, the undersigned members concurring therein, for verdict find and say that we find upon the issues

joined for plaintiff and against Eastern Automobile Forwarding Co., Inc., and assess plaintiff's damages" at $496.95 in the Sam Olsen case and $2,500 in the Harold Olsen case.

No objection was made to the form of the verdict until after its return and after the jury had been discharged and then each of the Olsens filed a motion to assign the cause for trial on the issues joined between them and Hubert DeLisle, a motion for an order declaring a mistrial on the issues joined between them and DeLisle, and a motion for an order to arrest judgment upon those issues, all of which motions were overruled. Thereupon the court entered judgments in favor of the Olsens in the amounts awarded them respectively by the verdicts and dismissed each action as to DeLisle, entering judgment in his favor for his costs expended therein.

The returned verdict being silent as to any finding for or against DeLisle, appellants claim that no finding was made by the jury and no verdict returned by it as to the appellee, DeLisle, and that therefore the issues made by the pleadings as between appellants and DeLisle are undetermined and untried.

Section 11420-9, General Code, provides that:

"In all civil actions a jury shall render a verdict upon the concurrence of three-fourths or more of their number. The verdict shall be in writing and signed by each of such jurors concurring therein, and they must then be conducted into court, where their names shall be called by the clerk, and the verdict handed to the clerk by the foreman. The clerk must then read the verdict to the jury and make inquiry if it is the verdict of three-fourths or more of their number."

How can a verdict "be in writing and signed by each of such jurors concurring therein" when no form permitting such verdict is submitted to the jury?

Section 11599, General Code, provides that:

"When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless the verdict is special, or the court orders the case to be reserved for future argument or consideration immediately after the time for the filing of a motion for a new trial if it has not been filed. When a motion for a new trial is filed, then such judgment shall be entered only when the court has sustained such verdict by overruling the motion. Upon such overruling it shall immediately be entered."

The written verdict as returned is the guide as to what the clerk shall do, within the statutory conditions and reservations. So it clearly seems that the statute intended and explicitly provides that the jury should return a specific finding in writing either for or against each of the parties to the pending action and that the General Assembly did not intend that reference must be made to something else to explain the verdict and determine its purport and scope.

Counsel for appellees have cited to us authorities which it is said hold that the intention as gleaned from the charge of the court governs as to the purpose and extent of the forms of verdicts submitted, but no apparent reason exists for a trial court to propose and submit a form of verdict not inclusive as to all of the parties, as the statute clearly imports shall be done.

Appellants call attention to two decisions of this court, *Foos* v. *Teeters,* published 8 Ohio Law Abs., 735, and *Midland Steel Products Co.* v. *Kehoe,* 49 Ohio App., 338, 197 N. E., 246. The opinion of Judge Richards in the *Foos case* does not disclose the forms of verdict submitted to the jury, but all that appears therein is that "the jury, by its verdict, made no finding for or against the defendant Teeters and the judgment was rendered against Louis Hammer alone for the amount of the verdict and for the costs."

The forms of verdict submitted to the jury in the *Midland Steel Products Company* case were similar to those submitted in the instant case, and what Judge Richards says in the opinion, although quite unnecessary to a decision of the question at issue, is, as in the instant case, literally true. The jury returned in writing no finding for or against the Midland Steel Products Company.

As heretofore stated, no reason can be offered for requiring reference to what the court may have said in its charge to interpret and clarify a verdict returned by a jury. The verdict, as the statute prescribes and clearly intends, should be complete in itself, especially when it is so easy to make it so, and certainly a judge, who is in fact the court, should conform to the will and clear intent of legislative enactments, rather than to devise some new uncontemplated method of procedure.

There is nothing in the statute providing or intimating that an instruction in a charge to a jury shall be considered a part of the verdict of the jury.

In the instant case, counsel heard the charge of the court, knew its import and the construction thereby given to the forms of verdict submitted to the jury and at no time made any objection thereto. Counsel could have asked the court, at the conclusion of its charge, or after the jury had returned its verdict and before its discharge, that it be required to return a specific verdict for or against DeLisle. They could not silently await the return of the verdict and the discharge of the jury before complaining of the method adopted. If counsel had so acted and the trial court had refused compliance therewith, a quite different question would be presented for consideration and decision, but as the record stands, the judgment must be and is affirmed.

*Judgment affirmed.*

CARPENTER and OVERMYER, JJ., concur.