## TONEY et v JENKINS

Ohio Appeals, 1st Dist, Hamilton Co

No 4416. Decided Dec 11, 1933

Ragland, Dixon & Murphy, Cincinnati, and Dolle, O'Donnell & Cash, Cincinnati, for plaintiffs in error.

J. G. Williams, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

It is argued that they have the right to have this question reviewed, notwithstanding the setting aside of the verdict and the granting of the new trial by the trial court.

Defendant in error contends that the overruling of the motion for an instructed verdict is not a final order from which error could be prosecuted, and no error could be prosecuted from the granting of the new trial.

The decision in the case of **Baking Company v Middleton, 118 Oh St, 106,** would tend to establish the rule in Ohio that error could be prosecuted from the overruling of the motion for an instructed verdict, since this is a question of law which would settle the case. While the circumstances in the case under consideration are

different from those in the Baking Company case, the principle therein announced would seem to bear out the claim that error could be prosecuted to the overruling of the motion for an instructed verdict. However, we do not find the court erred in overruling the motion for an instructed verdict.

It appears that Toney, the police officer, received word of a killing in the city. From the nature of the crime, it appeared to him to be the work of a certain man, and he, with an associate, thereupon started out to find the man he suspected might have been concerned in the crime. He knew where he formerly lived and went to a certain house in search of the man. He knocked on the door and was admitted by an occupant of the first floor. It seems the plaintiff, Mrs. Jenkins, had an upstairs apartment. No trespass was committed by Toney when he entered the first floor, being admitted by the occupant. Mrs. Jenkins was absent at work, and the testimony shows she would be away for several days and return for a short time. There is evidence tending to show that Toney went into Mrs. Jenkins' apartment. There was evidence of some mussing up and disturbing the room and the door entering the apartment. There is no evidence of malice, but there is some evidence tending to show trespass, and it was for the jury to say under a proper charge of the court whether or not Toney had probable cause to suspect that the man he sought was in the apartment of Mrs. Jenkins.

In this view of the case, the court did not err in overruling the motion for an instructed verdict, since, as we have suggested, there was a question of a technical trespass to go to the jury.

The court having granted the motion for a new trial, no other error is or could be assigned.

The judgment is therefore affirmed.

CUSHING and ROSS, JJ, concur.