# UNION GAS & ELECTRIC CO v HILL

Ohio Appeals, 1st Dist, Hamilton Co

No 4578.  Decided April 2, 1934

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, and Henry B. Street, Cincinnati, for plaintiff in error.

I. L. Huddle, Cincinnati, and Ralph B. Kohnen, Cincinnati, for defendant in error.

MONTGOMERY, J, (5th Dist) sitting by designation.

## OPINION

By HAMILTON, PJ.

The bill of exceptions shows the plaintiff introduced evidence tending to show that the plaintiff's automobile was parked on the north side of Bramble Avenue, in Madisonville, opposite Azalea Avenue, and in front of his home.  He had parked his car in front of his home to eat lunch.  After eating lunch, he went to the car and was proceeding to go back to his work in it. He testified that he looked both ways to see if there were any cars in sight, and while there was a raise in the street in the rear, he could see for over 300 feet, and he saw no automobile or other vehicle coming either way.  He thereupon, in low speed pulled out from the curb, starting to make the turn into Azalea Avenue.  He had reached the middle of the street, in which were two street car tracks, or was a little past the middle of the street when he was struck in about midway of his automobile by the defendant company's car.

Just how these facts may be regarded as raising a presumption of contributory negligence, we are unable to see.

It is argued by counsel for defendant company, plaintiff in error here, that its automobile must have been in clear view when the plaintiff started to turn out from the curb; that had it come from any considerable distance, it would not have arrived at the place of the accident before

the plaintiff's car would have been out of its path. The length of time the plaintiff would take to make the turn that he did is not clear, and the length of time it would take the defendant's car to come the three or four hundred feet in question would depend on the speed at which the Company's car was travelling. Certainly these questions could not be passed upon as a matter of law.

In the case of R. B. Spence v Frank Kettering, No. 24488, in the Supreme Court, reported in Ohio Bar Association Reports of March 26, 1934, page 781, the syllabus is:

"If the circumstances disclosed by the uncontradicted evidence are such that reasonable minds might reach different conclusions as to the inferences to be drawn therefrom and the ultimate facts established thereby, it is prejudicial error for the trial court to direct a verdict."

Our conclusion is, that reasonable minds might reach different conclusions on the facts produced concerning the inference of contributory negligence, and the court was correct in overruling the motion for an instructed verdict.

The correctness of the court in setting aside the verdict as being contrary to the weight of the evidence is not before us.

The judgment of the Court of Common Pleas is affirmed.

MONTGOMERY and ROSS, JJ, concur.