## COURTRIGHT v SMITH

Ohio Appeals, 2nd Dist, Franklin Co

No 2427.   Decided Nov 30, 1934

Lurie & Gifford, Columbus, for plaintiff in error.

Franklin Rubrecht, Columbus, for defendant in error.

## OPINION

By KUNKLE, J.

Various errors are assigned in the petition in error but the one principally discussed by counsel for plaintiff in error in their brief relates to the want of consideration for the execution of the note.

The answer of plaintiff in error, in addition to alleging want of consideration, also stated that he did not know that the instrument signed by him was a note.

The case has been submitted to this court upon an agreed statement of facts and the briefs of counsel.

This agreed statement of facts, among other things, on page 2 thereof, shows that defendant in error was a practicing physician and surgeon and that on or about January 28, 1930, he performed an operation on Helen Seiple and attended her until she was discharged by him on February 10, 1930; that plaintiff in error was in the hospital at the time said operation was performed and that he, defendant in error, asked plaintiff in error to sign a note for the services performed for Helen Seiple; that the plaintiff in error signed the note.

The following is a copy of the note so signed by plaintiff in error:

"$100.00.                      February 10, 1930.

"Beginning April 1, 1930—$10.00 per month after date for value received, I promise to pay to the order of Dr. Wm. P. Smith One Hundred Dollars, with interest at the rate of     per centum per annum at     and I hereby authorize any attorney at law to appear in any court of record in the United States, after the above obligation becomes due and waive the issuing and service of process and confess a judgment against me in favor of the holder hereof, for the amount then appearing due, together with costs of suit, and thereupon to release all errors and waive all right of appeal.

No. 24.

This is for Mrs. Helen Seiple.

"Wm. Courtright (Seal)."

The agreed statement of facts, upon page 3, shows that plaintiff in error upon cross examination stated that he did not know defendant in error until he met him in his office on February 10, 1930; that he signed the note upon which the action is based; that he signed said note on the 10th of February, 1930, in Dr. Smith's office; that he has made no payments upon said note;

that Dr. Smith rendered no service to him prior to February 10, 1930; that he went to the hospital for the purpose of taking Mrs. Seiple home; that the hospital employees directed him to go to Dr. Smith's office; that he signed the note but denied that he knew the paper so signed was an instrument binding him to pay Helen Seiple's account.

As above stated, the agreed statement of facts shows that the plaintiff in error admits signing the note in question and there is nothing in the statement of facts which would excuse him from not knowing the nature of the instrument that he signed. The only question, therefore, relates to the claim that the note was without consideration.

This note shows upon its face that it was given for Mrs. Helen Seiple.

It therefore constitutes an agreement in writing to pay the debt of Mrs. Helen Seiple.

Were it not in writing it would fall within the provisions of §8621 GC, but being in writing it is not subject to the provisions of such section.

Was there a consideration for the plaintiff in error signing the note in question?

We have examined with interest the very persuasive briefs filed by counsel and have considered the controlling authorities cited therein.

We think this question is determined by various decisions in our State such as the decision of our Supreme Court in the case of **Dalrymple, Admr. v Wyker, Admr., 60 Oh St, 108.** The syllabus in this case is as follows:

"1. An answer to a suit on a promissory note, averring that there was no consideration for it, moving to the promisor, is not sufficient as a defense, as it does not preclude the possible fact that there was detriment or loss to the promisee, which constitutes a consideration for a promise as well as a benefit to the promisor.

"2. Where the issue is as to whether there was a consideration for a promissory note, and the evidence offered simply shows that there was no benefit to the promisor, and does not exclude the possibility that there was detriment or the loss to the promisee, it is insufficient to support the issue.

"3. The law presumes the existence of a consideration for a promissory note; and this presumption continues until it is shown that there was none; and the burden of showing this is on the party attacking the note for want of consideration."

The Supreme Court in the case of **Ginn, Admr. v Dillon, 81 Oh St 121**, distinguished the Dalrymple v Wyker case from the facts in the case there considered but from a consideration of the facts as disclosed in both of these cases, we are clearly of opinion that the record shows a consideration for the execution of the note in question.

A consideration may consist of a benefit to the promisor or loss or detriment to the promisee.

When the plaintiff in error executed and delivered this note for and on behalf of Mrs. Helen Seiple, as is shown by the face of the note, the defendant in error was placed in the position that he could not proceed forthwith against Mrs. Seiple to collect his claim, but was obligated by the note to accept the amount thereof in payments of $10.00 per month. This constituted a detriment or loss to the defendant in error.

We have considered all of the errors urged by counsel for plaintiff in error, but finding no error in the record which we consider prejudicial, the judgment of the lower court will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.