## FULTON v MADLENER

Ohio Appeals, 1st Dist. Hamilton Co

No 5267. Decided Nov 29, 1937

M. M. Shoemaker, Cincinnati, and O. S. Bryant, Cincinnati, for appellant.

Ophelia Emden, Cincinnati, for appellee.

### OPINION

By ROSS, PJ.

Appeal on questions of law from the Court of Common Pleas of Hamilton County, Ohio.

The action was instituted to recover damages for personal injuries alleged to have been inflicted by the defendant upon the plaintiff in the operation of an automobile.

The answer set up the defense of a general denial and contributory negligence.

The record before us shows that upon the day of trial, after having previously filed an answer, the attorney of record for defendant withdrew from the case.

A jury was impaneled and under directions of the court rendered a verdict for $15,000.00 for the plaintiff.

A motion for a new trial was filed and granted, "for good cause shown."

No bill of exceptions was filed.

Motion to dismiss the appeal was made upon the ground that the granting of a motion for a new trial is not such a final order as to permit appeal therefrom to this court.

Sec 12223-2, GC, as effective August 23, 1937, provides as follows:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, or an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, or an order vacating or setting aside a general verdict of a jury and ordering a new trial, is a final order which may be reviewed, af-

firmed, modified, or reversed, with or without retrial, as provided in this title."

This section (§12223-2, GC) as last amended, is the result of repeated amplification and amendment. Its next previous form, (§12223-2, GC) as found in 116 Ohio Laws 105, approved April 19, 1935, was:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be reviewed, affirmed, modified, or reversed with or without retrial as provided in this title."

The immediate predecessor of this section was §12258, GC, and was a reenactment of §6707, Revised Statutes. 51 Ohio Laws, §512.

Now these various sections previous to the last amendment have been the subject of consideration by the Supreme Court of Ohio, which has consistently recognized the legislative action contained therein in defining a final order as not violative of any constitutional limitation.

In **Baking Co. v Middleton, 118 Oh St 106,** at pages 118 and 119 the court say:

"Sec 12258, GC, defines a final order as follows:

"'An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment.'

"This court has held that a final order, as defined in that section, is comprehended within the term 'judgment,' and that it is as reviewable since the adoption of said constitutional provision as it was prior thereto. **Chandler & Taylor Co. v Southern Pacific Co., 104 Oh St 188, 135 NE 620; Cox v Cox, 104 Oh St 611, 136 NE 823.**

"The refusal of the court to direct a verdict at the close of the entire evidence and to render judgment thereon is analogous to its refusal to enter judgment on the special findings of the jury when they are found to be inconsistent with the general verdict. In either case the party has been deprived of a judgment to which he may be entitled. If so entitled, the action of the trial court in overruling a motion for a directed verdict and for judgment constitutes a final order which may be reviewed. **Davis v Turner, 69 Oh St 101, 68 NE 819.** In that case, Price, J., speaking of the refusal of the trial court

to render judgment on special findings of the jury, said, at page 111 (68 NE 822):

"'Is there no direct remedy in this court to review the decision of that court, and correct its error, if any has been committed in overruling the motion for judgment. If not the party has lost a valuable right which the law has furnished him for a very clearly expressed purpose.'

"A case from Hocking County was presented to this court which bore a resemblance to the Turner case, supra. The files disclose that at the close of the evidence a defendant made two motions. First, for judgment on the special findings after a general verdict for the plaintiff; and. second, as a precautionary measure, it filed a motion for a new trial. The trial court overruled the first, and sustained the second, the motion for a new trial. On error, the Circuit Court reversed the Common Pleas Court for. overruling the motion for judgment on the special findings and entered judgment in favor of the defendant below—a judgment which the trial court should have rendered. The judgment of the Circuit Court was affirmed, in an unreported case, on the authority of the Turner case, supra. See **Chris Hall Hardware Co. v Logan Brick Supply Co., 84 Oh St 455, 95 NE 1144.**

In **Jones v First National Bank, 123 Oh St 642,** at page 644, the Supreme Court say:

"The Legislature has determined what constitutes a final order, in §12258, GC, as follows: 'An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed as provided in this title'."

See also: **McGowan v Bishel, 125 Oh St 77, 79.**

In **Cincinnati Goodwill Industries v Neuerman, 130 Oh St 334,** the court say:

"It appears from the record that the trial court overruled motions of the defendant for a directed verdict, as well as a motion for judgment contra verdict, and granted a motion for a new trial. Thereupon defendant prosecuted error to the Court of Appeals, which dismissed the petition in error and cross-petition in error for the reason that there was no judgment or final order in the Court of Common Pleas.

"The Court of Appeals granted an order to certify the record on the ground of conflict with **Toney v Jenkins, 47 Oh Ap 248,** (16 Abs 319) 191 NE 828, and **Union Gas & Electric Co. v Hill, 49 Oh Ap 20, (17 Abs 177)** 194 NE 884.

"On consideration whereof it is ordered and adjudged that the judgment of said Court of Appeals be, and the same hereby is, reversed and the cause is remanded to the Court of Appeals for the reason that the action of the trial court in overruling the motions of defendant for a directed verdict and for judgment contra verdict and granting the motion for a new trial constituted a final order from which error may be prosecuted. Therefore the Court of Appeals had jurisdiction. **Jacob Laub Baking Co. v Middleton, 118 Oh St 106,** 160 NE 629; **Chris Holl Hardware Co. v Logan Brick Supply Co., 84 Oh St 455,** 95 NE 1144; **Davis v Turner, 69 Oh St 101,** 68 NE 819."

In **Chandler & Taylor Co. v Southern Pacific Co., 104 Oh St 188,** the first and second paragraphs of the syllabus are:

"1. Such interpretation must be given a provision of the constitution as will promote the object of the people in adopting it, and narrow and technical definitions of particular words should be avoided. In obedience to this rule the term 'judgments' appearing in §6, **Article IV of the Constitution** as amended in 1912, is used in its broad and generally accepted meaning and not in that restricted meaning formerly given it by the legislature in §11582, **GC.** The term comprehends all decrees and final orders rendered by a court of competent jurisdiction and which determines the rights of parties affected thereby.

"2. An order vacating a default judgment upon motion of the defendant, filed at the same term, but more than three days after its rendition, is not a final determination of the rights of the parties and is not reviewable unless the court abuses its discretion in making it."

Several passages of the opinion, in the Chandler & Taylor case, written by Judge Jones are peculiarly pertinent. We quote from the opinion, pages 190, et seq.:

"The judicial article of our present constitution, §6, **Article IV,** provides that the Court of Appeals shall have jurisdiction 'to review, affirm, modify or reverse the **judgments** of the Courts of Common Pleas,' etc. In their brief counsel for defendant in error state the question involved as follows: 'The only question in this case

is the meaning of the word 'judgment' in §6 **of Article IV of the Constitution of Ohio** as amended in 1912.' However the same counsel contend that if the word 'judgment' in that article is broadly construed so as to comprehend final orders, no such final order as would be reviewable by the Court of Appeals was made by the Court of Common Pleas. On the other hand, counsel for plaintiff in error ask that the word 'judgment' in the judicial article 'should be given a broad and not a restricted meaning.'

"In the case of **Cincinnati Polyclinic v Balch, 92 Oh St 415,** this court decided that the Court of Appeals acquired its jurisdiction under the terms of §6, **Article IV** aforesaid, and that the general assembly had no power either to enlarge or to limit that jurisdiction. The doctrine was approved by this court in later cases. Prior to the adoption of the Constitution of 1912 the Code provided (§12247 GC) that judgments and final orders made by the Courts of Common Pleas were reviewable by the Courts of Appeal. **At the time of the adoption of that constitution our legislature had given specific definition to the terms 'judgment' and 'final order.'** (Emphasis ours).

"**Sec 11582, GC,** defined a judgment to be 'a final determination of the rights of the parties in action.' §12258, **GC,** defined a final order to be one (a) 'affecting a substantial right in an action, when in effect it determines the action and prevents a judgment,' or (b) 'an order affecting a substantial right' made either in a special proceeding or upon a summary application in an action after judgment.

"In the instant case, while the action of the Common Pleas Court in rendering judgment by default would be a judgment, its subsequent action in setting aside such default upon the summary application of the defendant, came within the definitive term of the latter section and was an order as therein defined.

"It is here contended by defendant in error that by the use of the term 'judgments' in the Constitution of 1912, final orders were thereby definitely excluded and are not longer reviewable. While this phase of the controversy was not before us it was queried by the judge delivering the opinion in **Thompson v Denton, 95 Oh St 333, 340.** Were we to give a restricted meaning to the term 'judgment,' employed in §11582 **GC,** we might be forced to the conclusion that those who wrote the Constitution of 1912 did not intend to embrace final or-

ders as being within the appellate jurisdiction of the Supreme Court and the Court of Appeals.

"When the provisions of the judicial article were under consideration by the Constitutional Convention there is nothing in the history of that body, nor in its discussion, which tends to show that an order affecting the substantial rights of litigants, whether made in an action or in a special proceeding, or in a summary action after judgment, could not thereafter be reviewed by a higher court. On the other hand, both in its discussion and in its submission to the people stress was laid upon the fact that a litigant should have both trial and review.

"We appreciate the gravity of the legal problem here involved. But in its solution this court cannot adopt a construction so narrow as to deprive litigants of remedies enjoyed since the adoption of our civil code of procedure. Our bench and bar of this and preceding generation knew that the definitions of 'judgments' and 'final orders' had been engrafted upon our civil code and that our remedial procedure embraced the review of final orders; and undoubtedly those who framed the Constitution of 1912 did not contemplate a restriction of those civil remedies continuously employed for a period of more than sixty years. While we may not permit the conferment of legislative jurisdiction upon the Court of Appeals under our present constitution, it is permissible to define the term 'judgments' as used in the constitution. At common law the term was used in a restricted sense. Lexicographers and courts have variously defined it, some giving it a restricted and others a broad and comprehensive meaning. We are satisfied that in order to effectuate the purpose of those who framed this amendment, and in order to promote the object of the people in its adoption, a technical definition should be disregarded and a broad and comprehensive meaning should be adopted. We, therefore, hold that it comprehends decrees and final orders rendered by a court of competent jurisdiction and which determine the rights of parties affected thereby. Were we to arrive at any other conclusion than herein announced a review of a large number of final orders affecting the substantial rights of litigants would be denied.

"An examination of the reported cases in this state will disclose that there are a large number of final orders which have always been reviewable by our appellate courts, and, if we should hold to the strict definition of the term 'judgment,' as contended for, not only would the right of review be denied to litigants in such cases, but the legislature would be powerless to provide a remedy by proceedings in error. And while this feature of the case has not been heretofore decided by this court, final orders made since the adoption of our amended constitution have been reviewed by the Court of Appeals and the Supreme Court in the following cases: Continental Tr. & Sav. Bk. Co. v Home Fuel & Supply Co., 99 Oh St 453; Gorey v Black, 100 Oh St 73; and First National Bank of Dunkirk v Smith, 102 Oh St 120." (Emphasis ours).

Again, in the case of Cox v Cox, 104 Oh St 611, the Supreme Court say:

"It appears from the record that this was a proceeding wherein plaintiff in error filed his motion to set aside the judgment of the Court of Common Pleas dismissing his petition for divorce. That motion was overruled by the Court of Common Pleas; whereupon plaintiff in error instituted proceedings in the Court of Appeals, seeking to reverse the action of the lower court in refusing to set aside its former order or judgment. The Court of Appeals, in its journal entry found, 'that it is without jurisdiction to review, affirm or reverse the order of the Common Pleas Court denying the motion to set aside the judgment rendered in said court, for the reason that said order is not a judgment.' Thereupon the Court of Appeals dismissed the proceeding in error for want of jurisdiction to entertain and determine the same.

"On consideration of this record, it is adjudged by this court that the judgment of the said Court of Appeals be, and the same is hereby, reversed on the authority of Chandler & Taylor Co. v Southern Pacific Co., ante. 188, and this case is remanded to the Court of Appeals, requiring it to entertain jurisdiction of said proceeding in error, and that it consider and determine the questions arising in said proceeding in error."

Such definition, however, was in the Code at the time of the Constitutional Amendment in 1912.

One of the earliest decisions holding the granting of a new trial not to be a final order and reviewable is Conord v Runnels, 23 Oh St 601. In this case the court say:

."We see no error in the judgment of the District Court. The first petition in er-

ror was filed before any final judgment had been entered in the cause, and was rightfully dismissed as having been prematurely filed. The second petition in error was not prematurely filed, but we think the ground of supposed error on which it is made to rest can not be sustained. A motion for a new trial is addressed to the sound discretion of the court; and although it is well-settled law that error will lie, in a proper case, where a new trial has been refused, we know of no case in which it has been held to lie where a new trial has been allowed and had, and where the court had power to grant a new trial, **and its order granting such new trial is not made ground of error by statutory provision.**" (Emphasis ours).

In **Neuzel v Village of College Hill et, 81 Oh St 571,** at 572, the court say:

"An order granting a motion for a new trial on the ground that the verdict is not sustained by the evidence, made in an appropriation proceeding by a municipal corporation, is not an order affecting a substantial right, for the reversal of which a petition in error can be prosecuted before final disposition of the case. **Conord v Runnels, 23 Oh St 601,** followed."

In **Young v Shallenberger et, 53 Oh St 291,** the fourth paragraph of the syllabus is:

"The overruling of a motion for a new trial is not a final order to which error can be prosecuted."

It is thus apparent that although a final order is comprehended by the term judgment, as used in §6 **of Article IV of the Constitution,** it must have the same degree of finality as a judgment.

It is difficult to see how the assignment of error involved in the granting of a motion for a new trial can affect a determination of whether or not it is or is not a final order. The fact that granting such motion may have constituted an abuse of discretion reposing in the trial judge does not more surely determine the rights between the parties or more definitely affect a substantial right than a motion improperly granted, say upon the weight of the evidence. Considering the statute before the recent amendment, it cannot be successfully maintained that the granting of a motion for a new trial, for any reason, comes within the definitions of a final order and judgment, as recognized by the people in §§12258 **and 11582 GC,** as they existed at the time of the adoption of the Constitution of 1912, when the jurisdiction of this court both at law and in chancery was definitely established. **Cincinnati Polyclinic v Blach, 92 Oh St 415.**

While the granting of a motion does affect a substantial right of the party in that it prevents a judgment, predicated upon the verdict, it does not by any stretch of construction, no matter how liberal, determine the action, or result in a final determination of the rights of the parties.

. Up to the recent amendment these characteristics have been consistently held by the Supreme Court to be requisite to permit review by this court of orders of trial courts. What then is the effect of the amendment?

The legislature has added to the scope of a final order as formerly recognized an element which if it had existed in statutes at the time of the adoption of the constitution of 1912 would have, in the presence of the cases previously herein noted at least pro tanto excluded the inclusion of a final order, as so defined, within the purview of the term judgment, which in the last analysis, is what this court by virtue of the Constitution of 1912 is permitted to review. It was the characteristic of finality that justified the including of final orders within the term judgment. Had it been otherwise, any enactment of the legislature then existing would have been ineffective to widen the jurisdiction of this court as fixed by the constitution.

It must be concluded, therefore, that the legislature having amplified the definition of a final order to such an extent that it now is inconsistent with the definition of a judgment, by including an order of the trial court not finally determinative of the rights of the parties, has overstepped the bounds fixed by the constitution, as construed in Cincinnati Polyclinic v Balch, supra, determining the jurisdiction of this court, and to such extent §12223-2 GC is unconstitutional.

The motion to dismiss the appeal is, therefore, granted.

HAMILTON and MATTHEWS, JJ, concur.