## MIZERNY v WILUSZ

Common Pleas, Lucas County

No. 159545. Decided Sept. 26, 1942.

## OPINION

By DUNN, ROBERT C., J.

This matter came on for hearing upon plaintiff's motion for a new trial, a verdict having heretofore been returned for the defendant, and a motion to vacate said verdict and for a new trial having been filed within three days thereafter. The case was tried before Judge Scott Stahl and a jury, but Judge Stahl died before passing upon the motion for a new trial. The motion contains the usual statutory grounds including allegations that the verdict was not sustained by sufficient evidence and was against the weight thereof, that the verdict was contrary to law, that errors of law occurred at the trial, including errors both in admission and rejection of evidence, and refusal of the Court to charge the jury as requested by plaintiff.

The plaintiff contends that the motion must be granted, as a matter of course, because the judge who presided at the trial, and thus had an opportunity to see, hear and observe the witnesses, had died, and no other judge could therefore competently pass upon the merits of the motion, and that therefore plaintiff would be denied his rights in the premises un-

less a new trial was granted. In support of this position, plaintiff's attorney cited Redman v. Price, 27 O. N. P. (N. S.) 287, Linker v R. R. Co., 87 Kan. 186, Woolfolk v Tate, 25 Missouri 597, and B—— v State, 166 Wis. 525. These cases obviously would have only such persuasive value as the cogency of their reasoning might recommend, as the Ohio case is by another nisi prius court, and the other cases are from foreign jurisdictions. The rationale of the decision in the Redman case is summed up in the court's opinion on page 288, in the sentence: "In passing upon a motion for a new trial the duties of the judge are similar, if not entirely like, those of the jury who heard the case." If it be true that a judge in passing upon a motion for a new trial has substantially the same duties as the jury in determining where the weight of the evidence lies, then a judge who has not presided, or been present at the trial, could not intelligently make such determination, for certainly an opportunity to see, hear, and observe the demeanor of witnesses is important in determining the weight and credibility of their testimony. The cases which are cited in the Redman opinion are from the states of Wisconsin, Kansas and Missouri, and include the ones cited by plaintiff hereinabove referred to. The reasoning of these cases are all very similar, and well expressed in a sentence from the opinion in the case of Linker v Union Pacific, 87 Kansas 186, which reads: "The motion must be sustained unless the verdict of the jury meets the independent approval of the trial judge." The important word in that sentence is "independent", apparently being intended to express the opinion that a judge passing upon a motion for a new trial must have his own means of reaching a decision as to

the weight of the evidence, which is not influenced by or dependent upon the views of the jury, or dependent on any secondary means of knowing the evidence, and weighing it. The judge who wrote the opinion in the Redman case concludes that the "great weight of authority" is that under the common law, a motion for a new trial presented to a judge who did not preside at the trial must be granted as a matter of course, that Ohio has not by statute abrogated or modified the common law rule, and that therefore both on authority and on reason, such a motion presented under the above circumstances must be granted as a matter of course in Ohio. The opinion (page 289) says that the general rule is stated as follows:

"Under the common law practice and where the right has not been regulated by statute, the proper disposition for a succeeding judge to make of a case on the docket of his court pending upon a motion for a new trial is to direct a new trial as a matter of course, except when no examination or weighing of evidence or the credibility of witnesses is involved."

The court in the Redman case is of the opinion that there is nothing in the statutory law of Ohio bearing upon the question under consideration. The court in its opinion (page 288) says that: "In reading the provisions of the code we are unable to find any section which covers the situation presented by the death of a trial judge," and later in the opinion (page 292) says: "That the law of Ohio provides upon the death of a judge that another judicial incumbent of the same district may act upon and dispose of a bill of exceptions, in the time and manner required by the trial judge, does

not impose any duty on the court or extend them any privilege as to the motion we now have before us."

Let us look at the reasoning in the Redman opinion, first, as to its conclusion that the statutes of this State make no provisions for procedure on a motion for a new trial where the trial judge has died.

Sec. 11576 GC provides that under certain circumstances therein set forth that "a new trial (shall be) granted by the trial court", etc. It seems significant that the statute does not say that the motion shall be graned by the trial judge. The difference between the court and the judge is well recognized.

State, ex rel v LeBlond, 108 Oh St 126, (decided June 4, 1923), opinion page 132:

"The court is a tribunal organized for the purpose of administering justice, while the judge is the officer who presides over that tribunal. The terms "court" and "judge" are sometimes used interchangeably and synonymously, but they are never technically the same in meaning."

The distinction between a court and a judge is shown in the constitutional provisions establishing courts of common pleas and providing for judges thereof.

Ohio Constitution, Art. IV, Sec. 1: "The judicial power of the state is vested in a supreme court, courts of appeals, courts of common pleas, courts of probate, and such other courts inferior to the courts of appeals as may from time to time be established by law."

Prior to its amendment in 1912, Art. IV, Sec. 3 of the Ohio Constitution provided for dividing the state into nine common pleas districts, each district to be subdivided into three parts in each of which a common pleas judge should be elected, and then provided that "Courts of common pleas shall be held, by one or more of these judges, in every county in the district," etc. By the amendment of 1912 said section is now amended to read:

(Ohio Constitution, Art. IV, Sec. 3): "One resident judge of the court of common pleas, and such additional resident judge or judges, as may be provided by law, shall be elected in each county of the state by the electors of such county; and as many courts or sessions of the court of common pleas as are necessary, may be held at the same time in any county," etc.

The General Assembly of Ohio, pursuant to the constitutional provisions above quoted, has provided in—

"Sec. 1532 GC: "There shall be a court of common pleas in each county of the state held by one or more judges", etc., and "The number of judges for each county * * * shall be as follows: * * * In Lucas County, six judges," etc.

In view of these provisions, and of the discriminating way in which the terms "court" and "judge" are used, it would appear that the statutes of Ohio do apply to the question here involved when they provide as above quoted from §11576 GC that a motion for a new trial when granted, is by the "trial court". The trial court in this instance was the common pleas court of Lucas County, and might be presided over by any common pleas judge elected in Lucas County, or in fact by any other common pleas judge of this State, properly designated under other

sections of the General Code applicable thereto.

The significance of this provision that a motion for a new trial is directed to the **trial court,** is further heightened by provisions of the code relating to bills of exceptions. **Sec.** 11565 GC provides that bills of exception shall be transmitted to the **trial judge** who shall (§11566 GC) allow and sign them. The legislature, then realizing that a judge might die or be sick, absent or out of office, provided (§11568 GC) that in such a case the bill of exceptions should be sent to any other judge of the district in which the cause is pending, which judge should then have all of the powers to act therein which the trial jury would have had. It is to be noticed that no similar provision is made as to motions for a new trial, presumably because such motions are addressed to the trial **court,** and the court is of continuous duration, and there will always be a judge to preside thereover and perform the judicial duties, including the passing upon such motion. It appears therefore to us, that the statutes of Ohio **do** make provision for the procedure in a case such as this, and we are not relegated to a search of what the common law on the subject might be.

We will now examine briefly the proposition of the Redman case that "in passing upon a motion for a new trial the duties of the judge are **similar** if not **entirely alike,** those of the jury who heard the case" and that "The motion must be sustained unless the verdict of the jury meets the **independent** approval of the trial judge." The implications of these statements, even if they may be technically correct, are apt to be too broadly taken. A judge should be careful not to invade the province of the jury. There is some similarity of the duties of the judge as to determining the weight of evidence on a motion for a new trial, and the duties of the jury in the first instance in finding such weight, but their duties are not entirely alike. And the determination of the judge should not be entirely independent of what has gone before. The primary function of the jury is to determine the facts, and its verdict on matters upon which there is a substantial conflict in testimony should not be set aside on a motion for a new trial merely because the judge might have reached a different conclusion than the jury.

**Webster v Pullman Co., 51 Oh Ap 131**—C. of A. for Cuyahoga County. (Decided June 28, 1935). (Opinion page 139):

"It is indeed impossible to attempt to harmonize the various pronouncements of the Ohio Courts as to just what may be considered by a trial court in passing upon a motion for a new trial. It may however be stated with certainty that it is not the rule of this state, as adopted by some jurisdictions, that a trial judge in this particular instance may exercise the prerogative of a chancellor and substitute his judgment for that of the jury, which is always admonished in the court's charge that it, the jury, is the exclusive judge of the facts and the credibility of the witnesses."

The court in its opinion, page 140, quotes with approval from 20 R.C.L. 278, as follows:

"Where the determination of an issue of fact depends upon the credibility of witnesses, and where a jury would be justified in coming to a conclusion either way, according to the credence to be given the testimony on the respective

sides, the issue is for the jury, even though the court is convinced as to where the truth lies, and the court will not interpose for the purpose of granting a new trial, unless it be in order to remedy some manifest error. In such a case it is not enough that it is clear that the verdict is right; but it must plainly appear that it is wrong to induce the court to set aside the verdict. If the verdict to which the jury have agreed is a conclusion to which twelve honest men, acting fairly and intelligently, might come, then it is final and cannot be disturbed. In such a case, if the trial judge should set aside the verdict, he would himself be in error. He would pass the bounds of his own proper function and invade the province of the jury."

To the same general effect as the above are the decisions in Schmalstig v Taft, 19 O. N. P., N. S., 513, and in McGatrick v Wason, 4 Oh St 566.

It would seem therefore that there is not so much weight to the contention of plaintiff herein, and as expressed in the Redman case, that the judge passing upon the motion for a new trial should have had the opportunity to see, hear, and observe the demeanor of the witnesses. It may be observed in passing, that reviewing courts, in passing on the weight of evidence generally do so without any such opportunity. The function of a judge of the trial court in passing upon a motion for a new trial involving the weight of the evidence is much more similar to the function of a reviewing court in that respect than it is to the function of the jury in the trial court.

Since the decision in Redman v Price, supra, the question here involved has been before at least three other courts of this state. the decisions reported being Chesa-peake & Hocking Ry. Co. v Orr, 27 O. N. P., N. S., 393; Eaton v Eaton, 12 Abs 266; and Oldham v Winget, 47 Oh Ap 287. These cases reach a different conclusion from that reached in Redman v Price. Instead of quoting from the opinions in those cases, we quote from 30 O. Jur. 141, in which the Ohio holdings are well summed up as follows:

(30 O. Jur. 141)—"It is, of course, always desirable that the judge who presided at the trial of the case on its merits should sit and determine the motion for a new trial. He is familiar with the case, and obviously is in a better position to rule upon questions raised by the motion than a judge who is a stranger to the action; but, as stated in a leading text authority, in order to protect the rights of suitors and prevent a failure of justice, it is sometimes necessary for a judge to hear and decide a motion for a new trial in a case in which he did not preside at the trial. The Ohio Statutes make no provision governing the determination of motions for new trials by the successor of the trial judge who presided at the trial on the merits, and although there is a decision of the Montgomery Common Pleas Court to the contrary, (i. e., Redman v Price) the rule, as established by recent Ohio decisions, is that the successor in office of a trial judge has jurisdiction to pass on a motion for a new trial even if it involves the sufficiency of the evidence, when the motion is not disposed of during the incumbency of his predecessor, at least, when a complete and accurate transcript of the evidence can be placed in the hands of such successor. In other words, it is within the legal discretion of such judge either to grant or to refuse a new trial; he is not required to grant a new

trial as a matter of course. The prevailing party should not be deprived of the benefit of his verdict when he is not at fault. He should not be put to the time and expense of a retrial, unless it appears from an examination of the evidence that the verdict of the jury should be set aside. It is to the interest of the public that there should be an end to litigation."

We therefore conclude that both on reason and authority, a motion for a new trial should █ not be granted as of course, because of the death or disability of the trial judge.

The arguments and briefs which have been presented on the motion for a new trial in the instant case, have been directed only to the question as to whether the mofion must be granted as of course. If this is all the plaintiff intends to rely on, then the motion would have to be overruled. However we may briefly examine what procedure is available to the aggrieved party, when the trial judge has died or has become incapacitated to act before passing on a motion for a new trial.

It may be accepted that motions for new trials, like all motions seeking some affirmative action by a court, require that some sufficient showing be made by the proponent of the motion to warrant the court in taking the action requested. If the grounds for a new trial sufficiently appear on the record, then the judge has before him all that is necessary to pass on the motion. If, however, the grounds alleged require a knowledge of the evidence introduced, which does not become a part of the record unless contained in a bill of exceptions which has been allowed and filed, then some other means must be used to get this evidence before the court on the hearing of the motion. Since a bill of exceptions is ordinarily not prepared or filed until after a motion for a new trial has been overruled, (when such motion is necessary, to preserve review of the error complained of), it is apparent that it would not be available on the hearing of the motion. The most obvious way therefore to acquaint the judge with the evidence, would be to have a stenographic transcript or correct narrative recital of the evidence, prepared and presented to him. When the judge who presided at the trial is the one who hears the motion for a new trial, then this procedure is generally not required, for the judge has judicial knowledge of the evidence offered. However, as a matter of practice, it is not unusual for the trial judge to request a transcript of all or part of the testimony in order to verify or refresh his recollection thereof. It is therefore not necessarily any hardship on the proponent of the motion to be compelled to produce a transcript for a judge who did not preside at the trial, for he might have been requested to do so even for the trial judge. If a transcript or narrative of part of the evidence is sufficient to show the error or errors for which a new trial is sought, then only that part would have to be prepared and offered, but if the weight of the evidence is involved, then it would seem that all of the evidence having any bearing on the verdict or finding would have to be transcribed or narrated. It is conceivable that other methods of proving what evidence was adduced at the trial might be used, such as retaking the testimony of the witnesses themselves, or affidavits of persons who heard such testimony, but all such means would seem to be so burdensome

and unsatisfactory as not to warrant examination of them here. It may be inquired what can be done if no stenographic notes were taken of the trial, and the testimony and evidence were not thus preserved. This question of course bears only on the means whereby the proponent of the motion may make a showing as to why his motion should be granted, and has been discussed above. It would seem that a party must use such means as he has at his disposal to protect himself in case he may want a judge to vacate the verdict of the jury, just as he must do if he may want to have the case reviewed by a higher court.

In conclusion, it may be observed that the granting of a motion for a new trial rests in the sound judicial discretion of ██ the court, controlled by the law affecting the substantial rights of the parties, and that the enumeration of grounds for a new trial as set forth in the statutes is not exclusive. It is conceivable that due to circumstances or exigencies arising either because of the death of the trial judge, or for other reasons upon which we do not need to speculate, a successor judge might grant a new ██ trial, without reviewing a transcript or narrative of the testimony and evidence, when he felt that grave injustice would otherwise result. However no such circumstances or exigencies have been shown to exist in the instant case.

The hearing of the motion in this case will be continued until , at which time the plaintiff shall have an opportunity to make such further showing in the premises as he desires and is competent and proper.