HORNBECK, J., concurring. I concur in the judgment, but do not believe that Section 2365-3, General Code, has any application against the rights of the plaintiff to maintain its suit.

MASSACHUSETTS MUTUAL LIFE INS. CO., APPELLANT, *v.* HAUK, APPELLEE.

132

(No. 2843—Decided March 27, 1943.)

*Messrs. Hammond, Hoyt & Rand,* for appellant.
*Mr. Earl D. Haefner* and *Mr. Harry Rapport,* for appellee.

NICHOLS, J.   Massachusetts Mutual Life Insurance Company, plaintiff, brought its action in the Common Pleas Court of Mahoning county against Luther A. Hauk, defendant, in which it took judgment upon a cognovit note executed and delivered by defendant to plaintiff on March 26, 1940.   After the cognovit judgment had been entered, it was conditionally vacated upon motion of defendant, who thereafter, on leave, filed his answer in the following language:

"Now comes the defendant, Luther A. Hauk, and for his answer to the petition of the plaintiff * * * avers that he signed the note upon which plaintiff predicates its alleged cause of action, for the sole accommodation of the plaintiff, and without consideration therefor.

"Wherefore this answering defendant asks that the petition of the plaintiff be dismissed at the costs of the plaintiff and that this answering defendant go hence without day."

On trial to a jury in the Common Pleas Court, a verdict was rendered for defendant on October 1, 1941. On October 2, 1941, plaintiff filed in the Common Pleas Court two motions, one "for an order granting judgment for plaintiff notwithstanding the verdict of the jury," and the other for a new trial upon eight assigned grounds.

After the trial and verdict of the jury, Honorable George H. Gessner, the trial judge, died. Honorable John W. Ford was duly appointed to succeed Judge Gessner. The two motions previously referred to were heard by Judge Ford, the motion for judgment notwithstanding the verdict of the jury being overruled and the motion for a new trial being sustained.

From the "judgment rendered by the Court of Common Pleas overruling plaintiff's motion for judgment in its behalf, notwithstanding the verdict," plaintiff duly prosecuted its appeal to this court on questions of law.

Although not required so to do, we feel it important to pass upon two questions not urged in brief of counsel for either party. The first of these questions relates to the power, right or jurisdiction of Judge Ford to consider and decide the two motions above referred to, the trial judge having deceased before the motions were passed upon. This question seems to have engaged the attention of the courts of this state, but so far as we have been able to determine has not been decided by the Supreme Court or passed upon by the Court of Appeals in this Seventh Appellate Judicial District. The reported opinions of two trial courts in Ohio are not in harmony as to the right of a succeeding judge under the circumstances therein existing; neither can it be said that the decisions are in entire conflict because of the varying state of the record in relation one to the other.

In the case of *Redman* v. *Price Bros. Co.,* 27 N. P. (N. S.), 287, the Common Pleas Court of Montgomery county held in the syllabus:

"A motion for new trial which involves a consideration of matters not disclosed by the record, such as the manner in which the witnesses testified, their demeanor on the stand and their apparent interest in the case on trial, may not properly be considered by a judge other than the one who tried the case, and where the trial judge dies before passing on such a motion, his successor should grant the motion as a matter of course."

In the case of *Chesapeake & Hocking Ry. Co.* v. *Orr,* 27 N. P. (N. S.), 393, the Common Pleas Court of Ross county held in the syllabus:

"Where a complete and accurate transcript of the evidence can be placed in the hands of the successor of the trial judge who for any cause left a motion for a new trial undecided, the weight of modern judicial opinion and of that of the text writers, as well as the interest of the prevailing party, does not require compliance by the successor judge with the practice which has often obtained of granting a new trial as a matter of course."

The views of the respective judges in the above reported cases may be seen by an examination of the published opinions.

In neither case was there considered the right or duty of the successor judge to pass upon a motion for judgment notwithstanding the verdict of a jury, each case involving only the right of the successor judge to pass upon a motion for new trial. In both cases the successor judge in fact did pass upon the motion for new trial, the court in the first case granting the motion as a matter of course, and the court in the second case holding that the motion for new trial should not

be granted as a matter of course and that the court would consider the evidence and decide the motion for new trial on its merits.

This court approves the conclusion reached by Yaple, J., in *Chesapeake & Hocking Ry. Co.* v. *Orr, supra,* and we are supported in our position in this matter by the cases of *Eaton* v. *Eaton,* 12 Ohio Law Abs., 266, and *Oldham et al., Admrs.,* v. *Winget, Gdn.,* 47 Ohio App., 287, 191 N. E., 824.

In *Eaton* v. *Eaton, supra,* it is held in the first paragraph of the syllabus:

"The successor in office of a trial judge has jurisdiction to pass on a motion for a new trial, even if it involves the sufficiency of the evidence, where the motion is not disposed of during the incumbency of his predecessor."

We refer to the authorities cited in the opinion.

In *Oldham et al., Admrs.,* v. *Winget, Gdn., supra,* it is held in the first paragraph of the syllabus:

"Where motion for new trial was filed on day following resignation of trial judge, but chief issue was one of law rather than dispute as to facts, succeeding judge properly passed on motion for new trial and was not required to grant it as matter of course."

In the opinion, at p. 291 of 47 Ohio App., Blosser, J., states:

"One of the grounds for reversal urged in this proceeding is that the motion for a new trial should have been granted as a matter of course. The reported opinions of two trial courts in Ohio are not in harmony as to the right of a succeeding judge under such circumstances. We approve the conclusion reached by Yaple, J., in *Chesapeake & Hocking Ry. Co.* v. *Orr,* 27 N. P. (N. S.), 393. In this case there was a complete transcript of the evidence. The chief issue was one of law rather than a dispute as to the facts. Under such

circumstances the succeeding judge can properly pass on the motion for a new trial. 20 Ruling Case Law, 301; 46 Corpus Juris, 288. There was no error in Judge Copeland passing on the motion for a new trial, and in not granting the motion as a matter of course.''

In the case of *Mizerny* v. *Wilusz*, 36 Ohio Law Abs., 635, the Common Pleas Court of Lucas county, after reviewing the authorities, held:

''A motion for a new trial should not be granted as a matter of course because of the death or disability of the trial judge.''

In the instant case Judge Ford passed upon both the motion for judgment notwithstanding the verdict and the motion for new trial, overruling the first and granting the second. Clearly, the first motion involved simply a question of law. Judge Ford had before him all of the pleadings and a complete transcript of the evidence, and was clearly within his jurisdiction and right to pass upon the question of law presented by the motion for judgment notwithstanding the verdict.

We find and hold that Judge Ford as successor to Judge Gessner, the trial judge, had jurisdiction to pass upon the respective motions which were left undecided by the trial judge at his death.

The second question which we deem it important to consider in this case, although not raised by counsel on either side, involves the right of counsel for plaintiff to file both a motion for judgment notwithstanding the verdict and a motion for new trial and to insist upon a decision upon these motions in the order herein referred to. The motion for new trial was granted, and it may be argued that plaintiff, having obtained that which it sought upon the motion for new trial, thereby waived its right to have judgment notwithstanding the verdict of the jury. In other words, it may be claimed that plaintiff was required to rely solely upon its motion

for judgment notwithstanding the verdict and forego the right to move for a new trial. This court is of opinion that plaintiff cannot be deprived of its right to a decision upon both of these motions, but recognizing, of course, that if the motion for judgment notwithstanding the verdict is sustained there would be no occasion in the first instance to pass upon the motion for new trial. If plaintiff's motion for judgment notwithstanding the verdict is sustained, we think the established practice has been to withhold passing upon the motion for new trial until such time as the decision on the motion for judgment notwithstanding the verdict has either been approved or reversed by the reviewing court, and if reversed the cause should be remanded to the trial court to pass upon the motion for new trial.

Among the many authorities which may be cited in support of our view that the two motions are not inconsistent and neither is to be considered as a waiver of the other, we cite the following: *Michigan-Ohio-Indiana Coal Assn.* v. *Nigh, Admx.,* 131 Ohio St., 405, 3 N. E. (2d), 355; *Hocking Valley Mining Co.* v. *Hunter,* 130 Ohio St., 333, 199 N. E., 184; *Cincinnati Goodwill Industries* v. *Neuerman,* 130 Ohio St., 334, 199 N. E., 178; *Jacob Laub Baking Co.* v. *Middleton,* 118 Ohio St., 106, 160 N. E., 629; *Chris Holl Hardware Co.* v. *Logan Brick Supply Co.,* 84 Ohio St., 455, 95 N. E., 1144; *Davis* v. *Turner,* 69 Ohio St., 101, 68 N. E., 819; *Toncy* v. *Jenkins,* 47 Ohio App., 248, 191 N. E., 828; and *Union Gas & Electric Co.* v. *Hill,* 49 Ohio App., 20, 194 N. E., 884.

It will suffice to quote from the fourth paragraph of the syllabus to the case of *Michigan-Ohio-Indiana Coal Assn.* v. *Nigh, Admx., supra,* wherein it is held:

"The fact that a party elected to and was successful in obtaining a new trial does not deprive him of the

right to ask for final judgment upon his motion for a directed verdict. (*Chris Holl Hardware Co.* v. *Logan Brick Supply Co.*, 84 Ohio St., 455; *Hocking Valley Mining Co.* v. *Hunter,* 130 Ohio St., 333; *Cincinnati Goodwill Industries* v. *Neuerman,* 130 Ohio St., 334, approved and followed.)''

We commend a reading of the opinion of Jones, J., in the case from which we have quoted the above syllabus.

We find and hold that plaintiff in the instant action did not, by the filing of its motion for new trial, waive its right and privilege to insist upon its motion for judgment notwithstanding the verdict, and that the cases above cited are authority for the proposition that the overruling of the motion of plaintiff for judgment notwithstanding the verdict is a final order from which appeal may be prosecuted.

We come now to consider the real question at issue upon this appeal of law. Is plaintiff entitled to judgment notwithstanding the verdict of the jury in this case?

"A motion for a directed verdict presents, not factual issues, but a question of law to be decided by the trial court. (*Webb* v. *Western Reserve Bond & Share Co.,* 115 Ohio St., 247, approved and followed.)'' *Michigan-Ohio-Indiana Coal Assn.* v. *Nigh, Admx., supra.*

A complete transcript of the evidence taken in the Common Pleas Court in the instant case is now before this court as it was likewise before the Common Pleas Court when the motion for judgment notwithstanding the verdict was overruled.

The defense made by defendant to the promissory note sued upon in the instant case is, first, that the note was executed by him solely for the accommodation of plaintiff. This defense has not been insisted upon; nor do we think there is any merit therein. Sec-

ond, defendant claims there was no consideration for the note. However, defendant specifically admitted the execution and delivery of the note which recites that it is given for a valuable consideration, and no fraud or duress having been alleged, proven or now claimed by defendant, the sole issue determinative of the rights of the parties is whether there was consideration for the note.

The uniform negotiable instrument law, Section 8129, General Code, provides:

"Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

In *Dalrymple, Admr.,* v. *Wyker, Admr.,* 60 Ohio St., 108, 53 N. E., 713, it is held in the third paragraph of the syllabus:

"The law presumes the existence of a consideration for a promissory note; and this presumption continues until it is shown that there was none; and the burden of showing this is on the party attacking the note for want of consideration."

See, also, *Darby* v. *Chambers,* 70 Ohio App., 287, 46 N. E. (2d), 302.

For a statement of the views of this court as to what constitutes a consideration for a promissory note, we refer to the opinion in the case of *City Tr. & Sav. Bk.* v. *Schwartz,* 68 Ohio App., 80, at pages 91, 92, 93 and 94, 39 N. E. (2d), 548.

In determining the issue of law involved in this appeal, the rule set forth in the second paragraph of the syllabus in the case of *Jacob Laub Baking Co.* v. *Middleton, supra,* applies:

"When the proof of the essential facts put in issue and the reasonable inferences deducible therefrom are such that the jury, as fair minded men, should reason-

ably arrive at but one conclusion, it is the duty of the trial court to direct a verdict in favor of the party which such proof sustains.''

Of course, if the jury, as fair minded men, could reasonably have arrived at but one conclusion from the essential facts put in issue and the reasonable inferences deducible therefrom, that there was consideration for the note sued upon, then the Common Pleas Court should have sustained plaintiff's motion for judgment notwithstanding the verdict of the jury. If the evidence in this case and the reasonable inferences to be drawn therefrom are such that reasonable minds might arrive at different conclusions as to whether there was any consideration for the note, the question was exclusively for the jury and the trial court would be right in overruling plaintiff's motion for judgment notwithstanding the verdict.

We have carefully examined the record containing all the evidence presented in this case, an epitome of which may be stated as follows:

Defendant had been a tenant of the plaintiff, having operated a restaurant in plaintiff's storeroom on Market street in Youngstown. Defendant ceased to operate the restaurant but his fixtures remained in the premises, and while these fixtures so remained there, at least two persons continued to operate the restaurant, the last person to do so being one Cutlip. It is not shown that any new arrangement was made by Cutlip with plaintiff for the occupancy of the premises which had been held formerly by defendant under a written lease; nor does it appear exactly what the arrangements were between Cutlip and defendant for the occupancy of the premises and use of defendant's fixtures therein. Cutlip abandoned the premises, leaving the key with the janitor who subsequently delivered it to the real estate representative of plaintiff, R. M.

Thomas, who testified as a witness for defendant. During the time the several persons were operating the restaurant, Thomas collected the rent from such occupants, always issuing receipts for the rent in the name of defendant. At the time Cutlip abandoned the premises there was $358 rent due. Immediately thereafter, defendant obtained from plaintiff the key to the premises in order to inspect his fixtures, and defendant then threatened or attempted to sell his fixtures and the witness, Thomas, as real estate representative of plaintiff, thereafter had several conferences with defendant up to the day the note was signed, one of these conferences being at the office of attorney Haefner. Mr. Thomas testified that at that conference it was agreed that defendant would give a note for the unpaid rent, defendant stating that he was unable to pay in cash but that he would be able to pay in monthly installments of $50.

It is admitted by defendant that he and Mr. Thomas went to the office of the attorney for plaintiff during the noon hour of March 26, 1940, and that the note sued upon was written out by the attorney for plaintiff, in longhand, in the presence of both parties and was signed by defendant; defendant further admitting that at this meeting the only matter that was discussed was the terms of payment of the note, there being no dispute about the amount and no claim of defendant at that time that he did not owe the money.

Defendant admitted in his testimony that when he signed the note in the office of the attorney for plaintiff, he never said one word to the effect that he did not owe the note or did not owe the money, and that the only subject under discussion at the time was how the $358 would be paid, and it was after that discussion as to the terms of payment that the note was made out.

Defendant further testified that Mr. Thomas may

have told him that he would not be permitted to take his fixtures out until the rent was paid, Mr. Thomas having testified that he did tell defendant that he could not remove his fixtures until his note was paid or secured.

Defendant, in substance, testified that during the conference in the attorney's office at the time the note was signed by him, he did not say that he owed the rent and at the moment of executing the note he did not intend to pay it. Other evidence introduced is to the effect that while in the office of Mr. Haefner, attorney for defendant, Mr. Haefner told defendant to go to the office of plaintiff's attorney and make the best arrangements he could to pay the rent in installments.

Judges Carter and Nichols of this court, in reviewing the evidence contained in the record, are clearly of the opinion that reasonable minds could arrive at no other conclusion than that there was consideration for the note, and that the motion for judgment in favor of plaintiff notwithstanding the verdict of the jury should have been sustained in the Common Pleas Court.

Defendant now claims that he did not owe the unpaid rent and the fact that plaintiff's real estate representative collected rent from Cutlip and occupants of the premises other than defendant, shows that plaintiff recognized and conceded that the rent was not due from defendant. Whether the rent was in fact due from defendant or from Cutlip may well have been an issuable fact but not determinative of the issue of consideration for the note executed by defendant. Whether in an action therefor plaintiff could have recovered the rent from defendant is not important since there was at least a claim in good faith on the part of plaintiff, as shown by the evidence, that the rent was due from defendant, and the execution of the note by de-

fendant settled the controversy upon this subject; of that there can be no doubt.

According to the evidence, no claim was made by plaintiff against Cutlip for the unpaid rent, plaintiff relying upon the note of defendant and having granted to defendant the privilege of paying the unpaid rent in installments of $50 per month, whereby plaintiff was placed in the position that it could not proceed forthwith against Cutlip for the payment of the rent, a detriment to plaintiff.

A case almost identical in point with that under consideration here was before the Court of Appeals for Franklin county, entitled *Courtright* v. *Smith,* 18 Ohio Law Abs., 259. Clearly in the case under review here, defendant received a benefit by the execution of the note in that he obtained settlement of the controversy between the parties as to who owed the rent and defendant was permitted to remove his fixtures from the premises of plaintiff without litigation.

It being the conclusion of the majority members of this court that defendant wholly failed in his claim that there was no consideration for the note, it follows that the trial court erred to the prejudice of plaintiff in overruling plaintiff's motion for judgment notwithstanding the verdict of the jury; and this court coming now to render the judgment which should have been entered in the Common Pleas Court renders final judgment for plaintiff for the amount of the note and interest as therein set forth, there being no claim of payment of any part thereof.

*Judgment reversed.*

CARTER, J., concurs.

PHILLIPS, P. J., dissenting. I respectfully dissent from the majority opinion of the court for the reason,

among others which I deem unnecessary to state, that I am not persuaded that reasonable minds can reach no conclusion other that that there was a consideration for the execution of the note by defendant to plaintiff, the opinions of my associates on that question to the contrary notwithstanding.