UNIVERSAL UNDERWRITERS INSURANCE COMPANY ET, PLAINTIFFS, *v.*
PUSATERI, DEFENDANT.

Municipal Court, Portsmouth.

No. 36718.   Decided July 24, 1962.

*Mr. Richard Canter*, for plaintiffs.
*Messrs. Bannon, Howland, McCurdy & Dever*, for defendant.

STEPHENSON, J.   This matter came on for hearing upon a motion for a new trial filed by the plaintiffs.   The matter herein was originally heard on September 19, 1961, by a former judge of this Court without a jury and no record being made of the evidence.

On November 10, 1961, an entry was filed in the Court and signed by the trial judge finding in favor of the defendant and dismissing the petition.   On November 11, 1961, the term of the judge who had heard the case expired.   On November 20, 1961, a motion for a new trial was filed by the plaintiffs, in which motion plaintiffs set forth two grounds—to-wit: that the Court erred in overruling plaintiff's motion to dismiss without prejudice the within action and that the final order, judgment or de-

cree is not sustained by sufficient evidence and is contrary to law.

It should be noted that Section 1901.13, Revised Code, provides authority to grant a new trial but since only the authority is provided, it is necessary by virtue of Section 1901.21 (A), Revised Code, to apply the practice and procedure in the Court of Common Pleas. *Schaffer* v. *Schneider*, 75 Ohio App., 138, 30 Ohio Opinions, 433 (1944). *Williams* v. *Martin*, 82 Ohio App., 395, 38 O. O., 59.

Eight statutory grounds for a new trial are provided for in Section 2321.17, Revised Code. No provision is made therein for a new trial because of the death or incapacity of the trial judge and no other sections applicable thereto have been found. This however is not a bar to consideration herein because the Ohio Supreme Court has stated:

"The grounds for a new trial listed in Section 11576, General Code (now Section 2321.07, Revised Code), are not exclusive of any others . . . . It does not provide that a former verdict shall be vacated, and a new trial granted only for the causes named, or that a former verdict shall not be vacated and a new trial granted except for the causes named. Circumstances may on occasion arise where, in the interest of justice, the granting of a new trial may become imperative notwithstanding the absence of statutory grounds." *Wagner* v. *Long*, 133 Ohio St., 41, 10 Ohio Opinions 41 (1937).

It would appear that, while not ruled on by the Supreme Court, that Ohio Appellate Courts are following the general rule that a successor judge has authority to hear and rule on a motion for a new trial. *Oldham* v. *Winget*, 47 Ohio App., 287 (1933), *Lance* v. *Slusher*, 74 Ohio App., 361, 29 Ohio Opinions, 514 (1944), *Mass. Mutual Life Ins. Co.* v. *Hauk*, 72 Ohio App., 131, 27 Ohio Opinions, 39 (1943). Thus the early case of *Redman* v. *Price*, 27 ONP (NS), 287, which held that a new trial must be granted as a matter of course because of disability of the trial judge when weight of the evidence is involved has been disapproved. The Court thus having authority to rule on the motion what is the duty of the Court when weight of the evidence is involved. The Supreme Court of Ohio has answered that question by the following:

". . ., where there is a motion for a new trial upon the ground

that the judgment is not sustained by sufficient evidence, a duty devolves upon the trial court to review the evidence adduced during the trial and to pass upon the credibility of the witnesses and the evidence in general." *Poske* v. *Mergl*, 169 Ohio St., 70, 8 Ohio Opinions (2d), 36 (1959). It is manifestly impossible for a successor judge to perform this duty without a record of the evidence.

The cases which have held the authority of a successor judge to hear a motion for a new trial in their decisions noted the availability of a bill of exceptions:

*Chesapeake & Hocking Ry. Co.* v. *Orr*, 27 NP (NS), 393:

Syllabus *"Where a complete and accurate transcript of the evidence* can be placed in the hands of the successor of the trial judge . . . the weight of modern judicial opinion . . . does not require granting a new trial as a matter of course."

*Mass. Mutual Life Ins. Co.* v. *Hauk*, 72 Ohio App., 131:

Syllabus One "Where a trial Judge dies after trial and verdict of a jury . . . the successor judge, having before him all the pleadings *and a complete transcript of the evidence,* has jurisdiction to pass upon such motions . . ."

*Oldham* v. *Winget*, 47 Ohio App., 287 at page 291, after approving the holding in the *Chesapeake case, supra*:

*"In this case there was a complete transcript of the evidence,* the chief issue was one of law rather than a dispute as to facts. Under such circumstances the succeeding judge can properly pass on the motion for a new trial."

*Lance* v. *Slusher*, 74 Ohio App., 361:

Syllabus "Where a trial judge, having heard a case and having made a finding, resigns and thereafter motions . . . for a new trial are filed, the succeeding judge of the same Court may, *where he has been furnished with a complete transcript of the evidence,* pass upon the merits of the motions . . ."

*Heiland* v. *Hildebrand* (48 Ohio Law Abs., 36), 36 Ohio Opinions, 355 at page 357:

"That a successor judge should pass on the motion for a new trial *where the transcript of testimony at the original trial is available* is logical in the concept of our practice."

The legislature of Ohio has not intervened by legislation to provide the procedure in the instant case as they have done

where the trial judge dies before a bill of exceptions is signed and approved. See Section 2321.09, Revised Code. This Court feels that leaving the matter rest within the sound discretion of the Courts is wise because of the multitude of circumstances that might arise as affecting the decision to sustain or overrule such a motion.

The Court concludes that justice can only be done in this case by the granting of a new trial. Also persuasive to this view is that if the case was decided correctly originally it can be presumed the same decision will again be reached. To deny the motion would be to deny to plaintiffs a substantial right given them by law.

An entry may be drawn by counsel for plaintiffs in conformity with the above opinion saving the exceptions of the defendant.

## SUPPLEMENTAL OPINION

### No. 36718. Decided August 27, 1963.

STEPHENSON, J. Subsequent to the issuing of a written opinion in this cause granting a motion for a new trial, counsel for the defendant has filed a motion under Section 2321.17, Revised Code, to require the Court to specify in writing the causes for which such new trial is granted.

The Court is of the opinion that the reasons are sufficiently clear in the opinion and that an entry could be drawn therefrom. However, to avoid any misunderstanding, the Court will state that the cause for which the new trial is granted is that no record of the evidence at the hearing before a former Judge of this Court, in the form of a bill of exceptions or otherwise, being available for examination, the court is unable to properly consider the motion and perform the duty of a trial Court with respect to said motion. The plaintiffs being denied this right given them by law, this Court feels that the evidence and the law should be examined by the granting of a new trial.

This Court recognizes this ground is not set forth in Section 2321.17, Revised Code. It was for this reason that Court cited *Wagner* v. *Long*, 133 Ohio St., 41, 10 Ohio Opinions, 41

(1937), in the principal opinion. The Supreme Court of Ohio held therein that the grounds under Section 2321.17, Revised Code, were not exclusive. In addition, counsel's attention is directed to *Grosser* v. *Armet Alloys, Inc.*, 70 Ohio Law Abs., 161 (1953), the third syllabus of which provides:

"While Section 11579, General Code (now Section 2321.20, Revised Code), provides that 'written grounds be filed at the time of making a motion for a new trial' there is nothing in the statutes of the State of Ohio which restrict the common law right of a trial Judge to set aside a verdict and grant a new trial, *on any ground* which he deems proper in the administration of justice after a motion is filed."

Counsel for plaintiffs may proceed to draw an entry setting forth the reason for the granting of a new trial as herein enumerated and saving the exceptions of the defendant.